The Honorable Brian D. Lynch
Chapter 7
Hearing Date: April 21, 2021
Hearing Time: 9:00 a.m.
Response Date April 14, 2021
Hearing Location: Telephonic.

IN THE UNITED STATES BANRUPTCY COURT
IN AND FOR THE WESTERN DISTRIC OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br>TATYANA MASON | In Chapter 7 Proceeding<br>Case No. **08-46592**-BDL<br><br>MOTION TO CONTINUE THE HEARING AND EXTEND TIME TO FILE RESPONSE TO MOTION TO WITHRAW & ABANDON ASSET. |

**REQUEST:**

The Plaintiff -Tatyana Mason requests this Court to continue the hearing dated **April 21, 2021 to July 22, 2021** based on her **Medical Emergency Health Condition.** *See* **Ex A** – (Dr Robertson's letter); *see also* **Ex B** (Lisa Neal's letter) attached to this Motion. Tatyana will not available on April 21, 2021 hearing due to her terminal health condition, multiple pre-surgical tests and planned spine surgery -- even it is a telephonic hearing.

Also, the Plaintiff requests to Extend Time to file her response to Trustee's Motion to withdraw and abandon asset because she is **searching for a New Attorney** to represent her and Trustee in this **complicated** case matter. (*See* details below).

**Concerns:** the Trustee's withdrawing from the case may cause outrageous damages to Tatyana and dismissal of her immigration case. *See* **Ex C** (John Mason's motion to dismiss the claim) attached to this Motion.

Please send any reply and court orders to Tatyana Mason's email: **tatyanam377@gmail.com**

**BACKGROUND:**

MOTION TO CONTINUE THE HEARING AND EXTEND TIME TO FILE RESPONSE TO MOTION TO WITHRAW & ABANDON ASSET. - 1

Case 08-46592-BDL    Doc 47    Filed 04/14/21    Ent. 04/14/21 09:34:58    Pg. 1 of 13

The Plaintiff Tatyana Mason's claim in this case, to enforce an affidavit of support, arose prior to the Plaintiff/Debtor's bankruptcy filing. Therefore, the claim is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) and is subject to administration by the bankruptcy trustee.

On December 12, 2008, Plaintiff/Debtor, Tatyana Mason (hereinafter "Tatyana" to avoid confusion with the defendant), filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court, Western District of Washington, under cause number **08-46592**. A discharge order was granted on March 25, 2009. The claim in this case was not disclosed in the bankruptcy schedules or in testimony by Tatyana at the bankruptcy hearing on January 20, 2009.

On April 17, 2017, Plaintiff Tatyana filed her lawsuit to enforce an affidavit of support in the United States District Court for the Western District of Washington at Tacoma.

On February 21, 2018, Defendant John Mason (hereinafter "John" to avoid confusion with the plaintiff) filed a Motion of Defendant to Dismiss Complaint, wherein the failure of Plaintiff/Debtor Tatyana to reveal this claim in her bankruptcy proceedings was brought to issue.

On February 21, 2018 Trustee Terrence J. Donahue noticed of an undisclosed claim which was property of the bankruptcy estate and the pending motion to dismiss. Trustee Donahue immediately requested the bankruptcy case to be reopened.

On February 27, 2018, the bankruptcy case was reopened and Terrence J. Donahue was reappointed as Trustee for Tatyana I. Mason.

On March 5, 2018, Trustee Donahue requested that the U.S.Trustee an application to approve Jay Gairson as Special Counsel.

In December 2020, miscommunication occurred between Tatyana and Ms. Gairson.

In January 2021, Mr. Gairson withdrew from the case.

Since January 2021 both Plaintiffs: Trustee Donahue and Tatyana are **temporary** without legal representation right now.

### GROUND TO CONTINUE APRIL 21, 2021 HEARING IS TATYANA'S MEDICAL EMERGENCY HEALTH CONDITION

*See* (Dr. Robertson- oncologist's letters attached). February, March and April 2021 have been the most difficult and busy time for Tatyana especially from **March 1 through April 14, 2021**.

At this time, Tatyana was at the St. Peter Hospital **daily** (from 8 a.m. to 5 p.m.) for multiple tests: Pet scans, Bone scans, MRI scans, X rays – these scans takes hours to complete. Daily multiple medical doctors & surgeons appointments, blood tests, lymphedema appointments have been taking all days. During this time it was physically impossible for Tatyana to work on her legal issues.

Currently, Tatyana is receiving aggressive chemotherapy treatment- **weekly** (the chemotherapy *iv* infusion is five to six hours long) — for a few days after the chemotherapy --Tatyana feels vomiting and stomach sick as a side effect from the chemotherapy. Physically, she was not able to work on any legal issues during this time.

Because of the metastatic to her lung— she had difficulties to breathe. Tatyana felt worse and called emergency on March 22, 2021—on March 24, 2021 she had a **surgical proceeding**, when a surgeon drew fluid from her lung. After this, she stated one day at the Hospital and had two weeks recovery in her bed.

Because metastatic to her bone—there is a T4 spine surgeries scheduled on **April 20, 2021** which is a very serious surgical proceedings and needed recovery for at least a few weeks.

Dr. Robertson- oncologist stated that he has no obligation to provide multiple medical records to the court. If the Trustee wants to call to Dr. Robertson—he provided his phone numbers in the letter. Tatyana will not available on April 21, 2021 hearing due to her terminal

MOTION TO CONTINUE THE HEARING AND EXTEND TIME TO FILE RESPONSE TO MOTION TO WITHRAW & ABANDON ASSET. - 3

health condition, multiple pre-surgical tests and planned spine surgery -- even it is a telephonic hearing.

**THIS COURT SHOULD GRANT TATYANA'S MOTION TO CONTINUE THE APRIL 21, 2021 HEARING TO JULY 22, 2021** -- Because of Tatyana's terminal emergency health condition—she was going through multiple tests and surgeries from February through the month of April, 2021. *See* **Ex. A** (Dr. Robertson's letter). Physically Tatyana was not able to work on any legal issues due to her terminal emergency health condition.

### GROUND TO EXTEND TIME TO FILE LEGAL RESPONSE TO THE TRUSTEE'S MOTION TO WITHDRAW & ABANDON ASSET:

The Plaintiff Tatyana Mason **needs more time to find a new immigration attorney** who would properly represent her and the Trustee in this complicated case.

**The Concerning Issue:** The time to respond must be extended in this case because the next step for the opposite attorney for John Mason to asked to dismiss Tatyana's immigration case. On February 21, 2018 John Mason wrote in his motion to dismiss:

> "**…without Trustee, the Plaintiff has not standing to pursue her present immigration claims, because such claims are still an asset of her bankruptcy estate.**"… "Her claims should be dismissed because she failed to disclose her I-864 claim to the bankruptcy trustee in her asset schedules. *See* **Ex C** (Defendant John Mason's Motion to dismiss the claim)."

By executing the Contract, Defendant John Mason entered into an express written contract with the United States Government.

1. Debtor is a third-party beneficiary of the Contract.
2. Plaintiff is the real party in interest of the Contract as the Chapter 7 Bankruptcy Trustee for Debtor's bankruptcy estate.
3. Debtor has standing as a third-party beneficiary to enforce her rights under the Contract.
4. Plaintiff has standing as the real party in interest and third-party beneficiary to enforce the Rights under the I-864 Contract.

*I have scheduled three meetings with three separate Individual Immigration attorneys in May and June, 2021. They agreed to review this case.*

MOTION TO CONTINUE THE HEARING AND EXTEND TIME TO FILE RESPONSE TO MOTION TO WITHRAW & ABANDON ASSET. - 4

It would be **unjust** for this Court to deny Tatyana's Motion to continue the hearing and to deny Extend Time to properly respond to Trustee's Motion to withdrew and abandon asset as it will outrageously damage Tatyana's immigration case. Tatyana needs more time to find a new proper legal representation in this very complicated matter to properly respond to Trustee's Motion to withdrew from the case and abandon asset.

**CONCLUSION:**

Based on the Plaintiff Tatyana Mason's medical emergency health condition and because she need more time to find a proper legal representation in this case—her Motion to Continue the Hearing and Extend Time from April 21, 2021 to July 22, 2021 should be GRANTED by this Court on basis to properly respond to Trustee's withdrawal and the abandon asset.

DATED this 14 of April, 2021.

RESPECTFULLY SUBMITED BY

_____
Tatyana Mason, The Plaintiff *pro-se*

Dr. Robertson's Letter

A

Providence Regional Cancer System - Lacey
4525 3RD AVE SE STE 200
LACEY WA 98503-1010
Phone: 360-754-3934
Fax: 360-943-8023



April 12, 2021

Tatyana I Mason
Po Box 6441
Olympia WA 98507

Re: Tatyana I Mason

Patient came in for Oncology New Patient Consult on 1/11/2021. Patient has a Terminal Diagnosis of Aggressive Stage 4 Bilat Breast Cancer with evidence for lung metastases with malignant pleural effusion and bony metastases. Patient has been undergoing multiple testing and treatments for her Terminal Diagnosis.

It is advised that all diagnostic and therapeutic appointments are imperative and cannot be cancelled and/or moved due to the severity of patients terminal disease. Please manage all other appointment around her medical appointments.

If you have any further questions or concerns please feel free to contact me.

Sincerely,

Paul A Robertson, MD

Lisa Neal's Letter

B

**PROVIDENCE ST PETER HOSPITAL RADIOLOGY VASCULAR**
413 LILLY RD NE
OLYMPIA WA 98506-5133
Phone: 360-486-6147
Fax: 360-486-6447



April 6, 2021

Tatyana I Mason
Po Box 6441
Olympia WA 98507

Re: Tatyana I Mason

Patient will have a procedure Micro Wave Ablation on the T4 and Kyphoplasty which will be scheduled as soon as imaging is completed, likely in the next 2 weeks at St. Peters Hospital. Patient will need time for recovery. Please consider a continuance past the month of April to allow for the patient to heal appropriately. If you should have any further questions please let us know.

Sincerely,

*Lisa Neal ARNP*

Lisa Neal, ARNP
Interventional Radiology, PSPH
360-486-6910

Defendent-John Mason's Motion to Dismiss Tatyana's Claim

C

The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

TATYANA MASON, an individual,

    Plaintiff,

v.

JOHN MASON, an individual,

    Defendant.

No. 3:17-cv-05289 RBL

**MOTION OF DEFENDANT TO DISMISS COMPLAINT**

NOTE ON MOTION CALENDAR:
Hearing Date: March 23, 2018

**ORAL ARGUMENT REQUESTED**

## I.   RELIEF REQUESTED

Defendant John Mason respectfully moves this Court for an Order Dismissing all Claims of Plaintiff pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 56.

## II.   EVIDENCE RELIED UPON

2.1   Pleadings and file.

2.2   Declaration of John Mason, concurrently filed.

## III.   FACTUAL BACKGROUND

3.1   Plaintiff Tatyana Mason and Defendant John Mason were married on August 19, 1999 and were divorced on June 24, 2008.[1]

---

[1] See Decree of Dissolution entered under Thurston County, Washington Superior Court Cause No. 07-3-00848-0, Exh. A to Dec. of J. Michael Morgan.

Page 1 of 8

MOTION OF DEFENDANT TO
DISMISS COMPLAINT
(3:17-cv-05289 RBL)

WORTH LAW GROUP, P.S.
6963 Littlerock Road SW
Tumwater, WA 98512
(360) 753-0948

Case 08-46592-BDL   Doc 47   Filed 04/14/21   Ent. 04/14/21 09:34:58   Pg. 11 of 13

3.2     Plaintiff filed her Verified Complaint (Amended) (referred to as "Complaint" below) in the instant case on December 5, 2017. Defendant accepts as verities all allegations in the Complaint for the sake of argument and for purposes of this motion only. Plaintiff claims that the Defendant is liable for unpaid support under a Form I-864, whereby the sponsor of an immigrant agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125% of the Federal Poverty Line during the period in which the Affidavit is enforceable. 8 U.S.C. § 1183a(1)(A). In her request for relief, Plaintiff claims she is entitled to:

> An award of actual damages in an amount equivalent to 125% of the Federal Poverty Guide Line for Plaintiff's household for the period *from October 28, 1999*[2] to the date on which judgment issues . . .[.][3]

3.3     On September 17, 2008 Tatyana Mason filed a Chapter 7 Voluntary Bankruptcy Petition in the United States Bankruptcy Court, Western District of Washington. Ms. Mason failed to list the alleged I-864 obligation as an asset in any of her bankruptcy schedules.[4] She received a Discharge of Debtor on March 25, 2009,[5] and the bankruptcy was closed on March 30, 2009.[6]

## IV.   ISSUES PRESENTED

4.1     Whether the Court lacks subject matter jurisdiction on the basis that Plaintiff has no standing to pursue present claims, because such claims are still an asset of her bankruptcy estate?

4.2     Whether Plaintiff is barred by the doctrine of equitable estoppel from pursuing her lawsuit because she failed to disclose her I-864 claim to the bankruptcy trustee in her asset schedules?

---

[2] Emphasis added.
[3] Complaint, p. 8.
[4] See Exh. B to Dec. of J. Michael Morgan.
[5] See Exh. C to Dec. of J. Michael Morgan.

Page 2 of 8

MOTION OF DEFENDANT TO
DISMISS COMPLAINT
(3:17-cv-05289 RBL)

WORTH LAW GROUP, P.S.
6963 Littlerock Road SW
Tumwater, WA 98512
(360) 753-0948

Case 08-46592-BDL   Doc 47   Filed 04/14/21   Ent. 04/14/21 09:34:58   Pg. 12 of 13

greatly prejudices John Mason and his ability to defend against Plaintiff's claims. Had the claims been timely disclosed, Defendant would have been able to conduct effective pretrial discovery, to hold the Plaintiff to strict proof of her alleged losses, and quite possibly to litigate, settle or compromise the claim with the trustee. As things presently stand, too much time has gone by to enable Defendant to effectively defend the Plaintiff's claims, or for there to be any benefit to her Chapter 7 creditors this late in the game.

## VI.   CONCLUSION

In summary, based upon the foregoing arguments and authorities, Defendant John Mason respectfully urges the Court to grant his Motion to dismiss Plaintiff's Complaint in its entirety.

DATED this 21 day of February, 2017.

**WORTH LAW GROUP, P.S.**

_____
J. Michael Morgan, WSBA No. 18404
Attorney for Plaintiff

Page 7 of 8

MOTION OF DEFENDANT TO
DISMISS COMPLAINT
(3:17-cv-05289 RBL)

WORTH LAW GROUP, P.S.
6963 Littlerock Road SW
Tumwater, WA 98512
(360) 753-0948

Case 08-46592-BDL   Doc 47   Filed 04/14/21   Ent. 04/14/21 09:34:58   Pg. 13 of 13