The Honorable Brian D. Lynch
Chapter 7
Hearing Date: July 1, 2021
Hearing Time: 9:00 a.m.
Response Date: June 24, 2021
Hearing Location: **Telephonic**

1
2
3
4
5
6
7
8

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re: | In Chapter 7 Proceeding |
| TATYANA MASON, | NO. 08-46592-BDL |
| Debtor. | SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO ABANDON ASSET |

**COMES NOW** Terrence J. Donahue, Chapter 7 Trustee, by and through his attorneys of record, Eisenhower Carlson PLLC, and hereby files this Supplemental Memorandum in Support of Motion to Abandon Asset ("**Memo**").

## DISCUSSION

Trustee continues to review this pending matter and the appropriateness of abandoning the asset which is identified as a Form I864 Contract federal law claim ("**Claim**").

In reviewing Debtor's originally filed Schedule F – Creditors Holding Unsecured, Non-Priority Claims, the claims scheduled at the time in 2008 were approximately $58,000.00. Because the case was closed and re-opened to address the newly disclosed Claim, the claims bar date informing creditors that they should file claims was not set until 2018, approximately 10 years after the case was filed. The claims bar date has

SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO ABANDON
ASSET - 1

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-339/TJD/988528

passed and the claims filed are approximately $6,100.00, approximately ten percent (10%) of the claims listed. This is a practical problem in reopening cases years after closure. Creditors are simply not tracking unsecured debt ten (10) years after it was subject to a bankruptcy discharge.

Debtor's Amended Schedule A/B – Property (*ECF No. 33 page 4*) identifies the Claim as support due to Debtor by her husband, and identifying that as of the end of 2008 the principle amount is estimated as $115,000.00. Debtor's Amended Schedule C – Property You Claim as Exempt (*ECF No. 33 page 7*) identifies the Claim and exempts one hundred percent (100%) pursuant to 11 U.S.C. § 522(d)(10)(D) which applies to support and alimony. Consequently, due to the claimed exemption, regardless of any potential recovery in this matter, there is no equity in the Claim for Trustee to administer to unsecured creditors. Unless Trustee intends to fight the claimed exemption, Trustee essentially pursuing an asset for the sole benefit of Debtor with no distribution, and certainly no *meaningful* distribution, to unsecured creditors.

The doctrine of judicial estoppel appears to be relevant here. In a bankruptcy context, the federal courts have developed a basic default rule: if a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action. However, there are defenses to a claim of judicial estoppel.

In the event the Court allows the abandonment of the Claim from this bankruptcy estate, the Claim would be abandoned back to Debtor. Debtor may be in a position to establish with the District Court (where the Claim is currently pending) a defense to a



EISENHOWER
CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

claim of judicial estoppel and avoid the consequences of judicial estoppel. The District Court is the proper venue to determine if judicial estoppel is appropriate.

Without abandonment of the Claim, Trustee is essentially overseeing litigation with no apparent available attorney to handle the Claim in District Court wherein the net proceeds after payment of attorneys' fees and costs appear to be completely exempt under the claimed exemption of 11 U.S.C. § 522(d)(10)(D). Looking at the totality of the circumstances, Trustee feels that pursuing Debtor's Claim is burdensome to the estate and has inconsequential value to the estate and would not provide a meaningful distribution for the creditors. Accordingly, Trustee reiterates his request to abandon the Claim from this bankruptcy estate.

DATED this 7th day of June, 2021.

EISENHOWER CARLSON PLLC


By: /s/ Terrence J. Donahue
    Terrence J. Donahue, WSBA #15193
    Attorneys for Chapter 7 Trustee

SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO ABANDON
ASSET - 3


EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-339/TJD/988528

STATE OF WASHINGTON )
                         : ss.
COUNTY OF PIERCE_____)

TERRENCE J. DONAHUE, being first duly sworn upon oath, deposes and says:

That I am the duly appointed and acting Chapter 7 Trustee in the above referenced bankruptcy proceeding and make this verification based on my own personal knowledge and review of my records and files herein. I have read and reviewed the foregoing Supplemental Memorandum in Support of Motion to Abandon Asset and attest to the accuracy of the statements provided therein and that the copies of the documents attached hereto are true and correct copies of the originals of the same.

/s/ *Terrence J. Donahue*
Terrence J. Donahue

SIGNED AND SWORN to before me this 7th day of June, 2021, by Terrence J. Donahue.

/s/ *Elinor A. Engle*
Signature of Notary Public
    Elinor A. Engle
Name of Notary Public
NOTARY PUBLIC
    June 29, 2022
My Appointment Expires

SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO ABANDON
ASSET - 4



909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

10304-339/TJD/988528